An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-315

Filed 7 January 2026

Iredell County, No. 22JT000276-480

IN RE:

M.B.

A Juvenile.

Appeal by respondent-mother from order entered 15 October 2024 by Judge Bryan A. Corbett in Iredell County District Court. Heard in the Court of Appeals 6 November 2025.

> *Lauren Vaughan for petitioner-appellee Iredell County Department of Social Services.*
>
> *Brittany T. McKinney for Guardian ad Litem.*
>
> *Peter Wood for respondent-appellant-mother.*

GORE, Judge.

Respondent-mother appeals from an order entered 15 October 2024 by the Iredell County District Court terminating her parental rights to her minor child,

Mary.[1] The trial court found grounds existed under N.C.G.S. § 7B-1111(a)(1)–(3) and concluded termination was in the child's best interests. Respondent-mother challenges only that dispositional determination. Jurisdiction lies in this Court pursuant to N.C.G.S. § 7B-1001(a)(7). After careful review, we affirm.

**I.**

Mary was born in November 2022 and tested positive for marijuana and benzodiazepines, experiencing withdrawal symptoms. Respondent-mother admitted drug use during pregnancy, and both parents had a history of substance abuse. On 5 December 2022, the Iredell County Department of Social Services (DSS) filed a petition alleging Mary was an abused and neglected juvenile, and the court placed her in DSS custody. Following a 17 January 2023 hearing, the court adjudicated Mary abused and neglected, ordered respondent-mother to complete substance-abuse and mental-health evaluations, comply with recommendations, submit to random drug screens, maintain sobriety, and granted her weekly supervised visitation.

At permanency-planning hearings in April, August, and November 2023, and April 2024, the court found respondent-mother failed to engage in treatment or submit to regular drug screens, noting in August 2023 that her "largest and most important hurdle to reunification is substance abuse," and in December 2023 that she had made "no progress." The court changed the permanent plan to adoption with a

---

[1] A pseudonym has been used to protect the identity of the minor child.

concurrent plan of reunification and reduced visitation to two hours monthly.

DSS filed a petition on 7 February 2024 to terminate respondent-mother's parental rights under N.C.G.S. § 7B-1111(a)(1)–(3). After continuances on 19 March, 3 April, and 16 July 2024, the adjudicatory hearing occurred 20 August 2024. By order entered 13 September 2024, the court adjudicated all three grounds proven. Following a dispositional hearing on 18 September 2024, the court concluded termination was in Mary's best interests and entered an order on 15 October 2024 terminating respondent-mother's parental rights. Respondent-mother timely appealed.

**II.**

At the dispositional stage of a termination proceeding, the trial court determines whether termination of parental rights is in the juvenile's best interests. That determination is reviewed for abuse of discretion—whether it is manifestly unsupported by reason or arbitrary. *In re Z.L.W.*, 372 N.C. 432, 436 (2019).

Respondent-mother does not contest the existence of statutory grounds under N.C.G.S. § 7B-1111(a); she challenges only the conclusion that termination served Mary's best interests given their bond. Under N.C.G.S. § 7B-1110(a), the court must consider the child's age, likelihood of adoption, whether termination will aid the permanent plan, the bond between parent and child, the relationship with the prospective adoptive placement, and any other relevant factors. The weight assigned to each factor lies within the court's discretion. *See In re R.G.L.*, 379 N.C. 452, 469

(2021); *In re Z.A.M.*, 374 N.C. 88, 100–01 (2020); *In re Z.L.W.*, 372 N.C. at 437.

The court's order reflects consideration of each factor. It found Mary was one year old, had lived with her foster family since birth, and was "very adoptable at her current age." Her foster parents had a "strong desire to adopt," provided a "safe and suitable home," and Mary was "very happy and interactive" in their care. The court found Mary "extremely bonded" with her foster parents, who had "nurtured the juvenile since coming into their care," acknowledged "a connection" with respondent-mother, but found "the only barrier to adoption is the parental rights of [respondent-mother]."

The court's findings demonstrate careful consideration of the dispositional factors and a reasoned determination that termination best served Mary's need for permanence and stability.

## III.

Because the trial court made findings supported by the record and reached a reasoned decision, it did not abuse its discretion in determining that termination of respondent-mother's parental rights was in Mary's best interests.

AFFIRMED.

Judges ZACHARY and FREEMAN concur.

Report per Rule 30(e).